# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 1:08CR00024-027 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **DARYL ANTONIO HUGHES,** | ) By: James P. Jones |
| | ) United States District Judge |
| | ) |
| Defendant. | ) |

*Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Daryl Antonio Hughes, previously sentenced by this court, has filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief, and I will grant the motion.[1]

I.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger

---

[1] The United States has not timely responded to the defendant's motion.

mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

Both before and after the 2018 FSA, if the government gives appropriate notice prior to sentencing pursuant to 21 U.S.C. § 851, and the defendant is found to have been previously convicted of one or more certain types of drug crimes, the minimum and maximum terms of imprisonment and minimum terms of supervised release are increased. 21 U.S.C. § 841(b)(1)(A), (B).

While a defendant whose crack cocaine drug crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted.

II.

The defendant was indicted in this court on May 28, 2008, and charged with conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The United States filed an Information to establish the defendant's prior convictions pursuant to 21 U.S.C. § 851, subjecting him to an increased penalty range of mandatory life imprisonment due to two or more prior drug convictions.

On August 18, 2008, the defendant pleaded guilty pursuant to a written Plea Agreement. The parties agreed that only one conviction would apply under 21 U.S.C. § 851, subjecting him to a mandatory minimum term of 20 years imprisonment, and a maximum of life. The parties also stipulated that the defendant was a career offender. As a result, his Sentencing Guideline range was enhanced in accordance with U.S. Sentencing Guidelines Manual § 4B1.1. According to the Presentence Investigation Report, the defendant was held accountable for approximately 50 grams of cocaine base. Accordingly, he was determined to have a Total Offense Level of 34, after a reduction for acceptance of responsibility, and a Criminal History Category of VI, yielding a guideline range of 262 to 327 months imprisonment.

On February 17, 2009, the defendant was sentenced under the advisory guidelines to 262 months imprisonment, to be followed by 10 years of supervised

release. Hughes is currently serving a 20-year related state drug trafficking sentence imposed by the Circuit Court of the City of Bristol, Virginia. His subsequent sentence from this court was directed to run concurrently with this state sentence and it is estimated by the court's probation office that he has currently served 128 months of imprisonment. It is represented by counsel that Hughes' current release date from his state sentence is June 2, 2025. Def.'s Mot. 3, ECF No. 3759.

Under the 2018 FSA, the new statutory sentencing range, if applied to the defendant with the § 851 Information, is 10 years to life imprisonment and at least eight years supervised release. 21 U.S.C. § 841(b)(1)(B). The defendant remains a career offender based on an offense of conviction with a statutory maximum of life. Therefore, his guideline range does not change.

I find it appropriate in determining whether to reduce the defendant's sentence, and the extent of any such reduction, to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). I have reviewed the defendant's original Presentence Investigation Report and the reports of his work history and educational programs while in state prison, as supplied by his counsel. Although the defendant's guideline range remains the same, he has performed well while incarcerated and is now 59 years old, which may reduce the possibility of recidivism.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion to Reduce Sentence, ECF No. 3759, is GRANTED;

2. <u>The defendant's sentence is hereby reduced to 120 months, but not less than time served.</u>  This imprisonment is to be followed by a term of supervised release of eight years;

3. The defendant's sentencing judgment shall otherwise remain unchanged; and

4. The Probation Office shall transmit this Opinion and Order to the Bureau of Prisons.

    ENTER: November 13, 2019

    /s/ *James P. Jones*
    United States District Judge